UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

| | |
|---|---|
| VELLANO BROS., INC.,<br>Plaintiff<br><br>v.<br><br>HANOVER INSURANCE COMPANY<br>Defendant | CIVIL ACTION NO. 1:06-cv-00546-T-LDA |

**DEFENDANT, HANOVER INSURANCE COMPANY'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant, Hanover Insurance Company ("Hanover"), by and through counsel, answers the Complaint of Plaintiff, Vellano Bros., Inc. ("Vellano") as follows:

1. Allegations in this paragraph state a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

2. Hanover is without sufficient knowledge concerning the allegations in this paragraph and, as such, denies same.

3. Admitted.

4. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

5. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

6. On information and belief, Hanover denies that South Shore Utility Contractors, Inc. ("South Shore") entered into a contract with O. Ahlborg & Sons, Inc. on the named project. The bond in question is a written document which speaks for itself. Otherwise, Hanover denies the allegations of this paragraph.

7. On information and belief, during the time period in question, Hanover admits that Vellano supplied materials to South Shore on various projects.

8. The referenced document is in writing and, therefore, speaks for itself. Otherwise, Hanover denies the allegations of this paragraph.

9. Denied.

10. Denied.

11. Hanover is without sufficient information and knowledge in order to admit or deny the allegations of this paragraph and, as such, deny same.

12. The documents alleged in this paragraph are in writing and, as such, speak for themselves. While Hanover admits that Vellano purportedly filed a notice of claim on or about March 3, 2006, it is without sufficient knowledge or information concerning the allegations of this paragraph and, as such, deny same.

13. Denied.

14. The document alleged in this paragraph is in writing and, therefore, speaks for itself. Otherwise, Hanover denies the allegations in this paragraph.

15. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

16. The document alleged in this paragraph is in writing and, therefore, speaks for itself. Otherwise, Hanover denies the allegations in this paragraph.

17. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

18. Hanover admits it has not paid Vellano on its claim, but alleges that the total of payments made by South Shore to Vellano and the monetary value of the defenses to the claim equal or exceed the amount of the claim.

19. Hanover hereby realleges and incorporates by reference its Answers to Paragraphs 1-18 of the Complaint as if the same were stated more fully herein.

20. Denied.

21. Hanover is without sufficient knowledge and information in order to admit or deny the allegations in this paragraph and, as such, deny same.

22. Hanover hereby realleges and incorporates by reference its answers to Paragraphs 1-21 of the Complaint as if the same were stated more fully herein.

23. Hanover admits that Vellano purportedly notified Hanover of its bond claim by letter dated March 3, 2006. Otherwise, Hanover denies the allegations in this paragraph.

24. Hanover specifically denies that it has admitted liability for any amount owed Vellano any amounts on its claim under the above-referenced bond, and in fact, denied the claim in writing. In addition, Hanover denies the other allegations in this paragraph.

25. Denied.

26. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

27. Denied.

28. This paragraph states a legal conclusion, requiring no response. To the extent this paragraph alleges facts, such facts are denied.

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Vellano has been paid in full in accordance with the bond and underlying contract upon which it relies.

**THIRD AFFIRMATIVE DEFENSE**

Vellano may not maintain this action as it has breached and generally failed to perform its obligations under the bond and underlying contract upon which it relies.

**FOURTH AFFIRMATIVE DEFENSE**

Damages sustained by Vellano, if any, were caused by person or persons for whose conduct Hanover is not responsible.

**FIFTH AFFIRMATIVE DEFENSE**

The materials supplied by Vellano were defective and/or non-conforming.

**SIXTH AFFIRMATIVE DEFENSE**

Vellano's claim is barred by Vellano's conduct in knowingly asserting a claim in an amount substantially in excess of that to which it is entitled.

**SEVENTH AFFIRMATIVE DEFENSE**

Vellano had not performed all conditions precedent to the maintenance of this action.

**EIGHTH AFFIRMATIVE DEFENSE**

Vellano's action is barred by the terms and conditions, including the limitation period in any bonds and/or the applicable statute of limitation.

**NINTH AFFIRMATIVE DEFENSE**

Vellano's damages, if any, should be reduced by the amount attributable to its failure to mitigate damages.

**TENTH AFFIRMATIVE DEFENSE**

Vellano's damages, if any, should be reduced by all valid offsets, either under contract or law, which are attributable to Vellano's actions.

**ELEVENTH AFFIRMATIVE DEFENSE**

Vellano's claims are barred by the doctrine of estoppel.

**TWELTH AFFIRMATIVE DEFENSE**

Vellano's claims are barred by the doctrine of waiver.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Vellano's claims are barred by the doctrine of laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Vellano's claims are barred by reason of unclean hands.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Vellano has not complied with and/or is without standing to assert claims under M.G.L.A. 93A.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Vellano is barred from asserting claims in bad faith because of its own bad faith.

WHEREFORE, Hanover prays that this Court dismiss the Vellano Complaint and that Hanover be awarded its costs, attorney fees, and such other legal or equitable relief as this Court deems necessary and proper.

Defendant,

THE HANOVER INSURANCE GROUP

By their attorneys,

*/s/ Kevin C. Cain*_______
Kevin C. Cain, #3960
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
[617] 951.2100

Dated: January 30, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of January, 2007, the foregoing was filed electronically and is available for viewing and downloading from the ECF system.

A copy has also been served upon Pannone Lopes & Devereaux LLC. by first-class, postage pre-paid mail on the same date.

*/s/ Kevin C. Cain*___
Kevin C. Cain

PABOS2:RRITLAN:652579_1
2114-91630