UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VELLANO BROS., INC.,<br>Plaintiff,<br>v.<br>HANOVER INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION<br>NO. 1:06-cv-00546-T-LDA |

**DEFENDANT'S INITIAL DISCLOSURE STATEMENT**

Pursuant to Fed. R. Civ. P. 26(a)(1), the defendant Hanover Insurance Company ("Hanover") submits this initial disclosure statement. By disclosing the documents described herein, Hanover does not waive any grounds to object to the discoverability or admissibility of any document and specifically reserves its rights to object on any grounds to production and to admission in evidence. Hanover reserves the right to supplement this initial disclosure as provided for by Fed. R. Civ. P. 26(c).

1. Fed. R. Civ. P. 26(a)(1)(A):

The name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

1. Anthony Rosciti, Jr.
South Shore Utility Contractors, Inc.
44 Maria Avenue
Johnston, RI 02919
Subject: facts surrounding the dealings by and between South Shore Utility Contractors, Inc. ("South Shore Utility") and the plaintiff Vellano Bros., Inc. ("Vellano Bros.") regarding materials delivered by Vellano Bros. to South Shore Utility, and payments made by South Shore Utility to Vellano Bros. for those materials, on the construction project known as Pawtucket Water Treatment Facility – Package No. 2A (the "Pawtucket Package 2A Project").

2. Lonnie Sousa
South Shore Utility Contractors, Inc.
44 Maria Avenue
Johnston, RI 02919
Subject: facts surrounding the dealings by and between South Shore Utility and Vellano Bros. regarding materials delivered by Vellano Bros. to South Shore Utility, and payments made by South Shore Utility to Vellano Bros. for those materials, on the Pawtucket Package 2A Project.

3. Albert Borden
South Shore Utility Contractors, Inc.
44 Maria Avenue
Johnston, RI 02919
Subject: facts surrounding the dealings by and between South Shore Utility and Vellano Bros. regarding materials delivered by Vellano Bros. to South Shore Utility, and payments made by South Shore Utility to Vellano Bros. for those materials, on the Pawtucket Package 2A Project.

4. Mick Vellano
Vellano Bros., Inc.
7 Hemlock Street
Latham, NY 12110
Subject: facts surrounding the dealings by and between Vellano Bros. and South Shore Utility regarding materials delivered by Vellano Bros. to South Shore Utility, and payments made by South Shore Utility to Vellano Bros. for those materials, on the Pawtucket Package 2A Project.

5. Lori Lake
Vellano Bros., Inc.
7 Hemlock Street
Latham, NY 12110
Subject: facts surrounding the dealings by and between Vellano Bros. and South Shore Utility regarding materials delivered by Vellano Bros. to South Shore Utility, and payments made by South Shore Utility to Vellano Bros. for those materials, on the Pawtucket Package 2A Project.

6. Joseph P. Quinn, Bond Claim Counsel
The Hanover Insurance Company
440 Lincoln Street
Worcester, MA 01653
Subject: Hanover's actions regarding the claim made by Vellano Bros. on the payment bond which Hanover issued for South Shore Utility on the Pawtucket Package 2A Project.

2. Fed. R. Civ. P. 26(a)(1)(B):

A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

a. Non-Privileged Documents:

Hanover has in its possession, custody or control non-privileged documents comprised of: 1) Hanover's dealings with Vellano Bros. regarding the claim which Vellano Bros. has asserted on the payment bond which Hanover issued for South Shore Utility on the Pawtucket Package 2A Project; 2) the dealings by and between South Shore Utility and Vellano Bros. regarding the Pawtucket Package 2A Project; and 3) Hanover's defenses to the claims made against it by Vellano Bros. in this lawsuit.

b. Protected/Privileged Documents:

Hanover also has in its possession, custody or control documents that it considers to have been prepared in anticipation of litigation and/or that are subject to the attorney-client privilege or the work product doctrine. Those documents include correspondence between Hanover and its attorneys in this lawsuit, as well as notes or internal communications by representatives of Hanover that are related to Hanover's defenses in this lawsuit.

3. Fed. R. Civ. P. 26(a)(1)(C):

A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Fed. R. Civ. P. 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such compilation is based, including materials bearing on the nature and extent of the injuries suffered:

Inapplicable. Hanover is not claiming any damages at this time.

4. Fed. R. Civ. P. 26(a)(1)(D):

For inspection and copying as under Fed. R. Civ. P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify to reimburse for payments made to satisfy the judgment:

Payment Bond #BCN1742235; Surety: The Hanover Insurance Company; Contractor: South Shore Utility Contractors, Inc.; Owner: G. Ahlborg & Sons, Inc.; Project: Pawtucket Water Treatment Facility – Package No. 2A.

DEFENDANT HANOVER INSURANCE COMPANY

/s/ John P. Connelly
Kevin C. Cain, #3960
John P. Connelly, pro hac vice
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: May 4, 2007

659657

CERTIFICATE OF SERVICE

I, John P. Connelly, hereby certify that the foregoing document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on May 4, 2007.

/s/ John P. Connelly