UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VELLANO BROS., INC, Plaintiff<br>v.<br>HANOVER INSURANCE COMPANY, Defendant. | Civil Action 06-546T-LDA |

**MOTION TO AMEND COMPLAINT**

The plaintiff, Vellano Bros., Inc. ("Vellano") hereby moves to amend its complaint so as to reference three common law payment bonds issued by Hanover Insurance Company ("Surety") as surety on behalf of the contractor South Shore Utility Contractors, Inc. ("South Shore"), instead of the single bond referenced in the original Complaint. All three bonds name the same principal and the same contract but different "packages" of work under the contract. In addition, since the original Complaint was filed, the Surety has made a partial payment of the amount claimed, reducing the amount of relief sought. The specific allegations and prayers to be amended are as set forth below, and amended Exhibit A is attached hereto.

**PROPOSED AMENDMENTS**

General Allegations

6. South Shore entered into contracts with O. Ahlborg & Sons, Inc. and/or Earth Tech, Inc., each of which in turn had entered into a contract with the Pawtucket Water Supply Board to procure or perform work or supply materials in connection with a water treatment facility known as the "Pawtucket Water Treatment Facility" project (the "Project"). South Shore

as principal and the Surety as surety executed three payment bonds for the Project (the "Bonds"). True and accurate copies of the Bonds are attached hereto as Amended Exhibit A.

12. Within 90 days of its last furnishing of Materials to or for the Project, on or about March 3, 2006, Vellano gave notice of its claim under the Bonds to South Shore, the Surety, O. Ahlborg & Sons, Inc. (which is named in two Bonds as Owner), and to Earth Tech, Inc., (which O. Ahlborg & Sons, Inc., has identified as a party to its contract for the Project and which is named in one Bond as Owner). Copies of such notices are attached hereto as Exhibit C. Additional notices were given as well.

17. The fact that a portion of the claim is disputed does not relieve the Surety of its obligation to make prompt payment of the undisputed portion of the claim. Prior to commencement of this action, Vellano demanded immediate, unconditional payment of the $401,145.36 undisputed amount but the Surety has failed and refused to make payment of that undisputed amount. Instead, after this action was filed, the Surety made a partial payment of $343,793.16 on June 7, 2007.

18. To date, the Surety has failed and refused to pay Vellano, despite repeated demands, the remaining unpaid balance of $411,931.31 due and owing for the above-referenced Materials under the terms of the invoices.

COUNT ONE

(Enforcement of Payment Bonds)

19. Vellano repeats and realleges herein the allegations contained in paragraph 1 through 18 above as if set forth in full herein.

20. Vellano performed its obligations by delivering the Materials for the Pawtucket Water Treatment Facility Project, but South Shore has failed and neglected to pay Vellano $411,931.31 of the Materials purchased for, delivered to and/or incorporated into the Project,

which Materials, upon information and belief, have both been accepted and incorporated by South Shore and the Project owner. The sum of $411,931.31 represents the fair and reasonable value of the Materials supplied to South Shore for the Project by Vellano for which payment has not been received.

21. Interest and service charges have accrued with respect to $755,724.47 of the Project Materials in accordance with the terms of the contract in an amount to be determined through March 20, 2006, and from that date until the partial payment on June 7, 2007 continued to accrue at the rate of $372.69 per day, and since June 7, 2007, have continued to accrue at a rate of $203.14 per day.

COUNT TWO
Mass. G.L. Chapter 93A

22. Vellano repeats and realleges herein the allegations contained in paragraphs 1 through 21 above.

25. The Surety's liability under its Bonds for the amount of $401,145.36 became reasonably clear, and Vellano has been compelled to file suit in order to recover on its claims.

WHEREFORE, Vellano prays that this Court:

(a) Enter judgment on Count I in favor of Vellano Bros., Inc., against Hanover Insurance Company for money damages, interest, costs and attorneys' fees as provided for under the Bonds and under the terms of its contract with South Shore, including interest through the date of this Complaint as alleged in Paragraph 21 above, and accruing thereafter at the daily rate alleged in interest in Paragraph 21.

**CONCLUSION**

In all other respects, the allegations and prayers of the original Complaint remain unchanged.

This amendment should be permitted because neither party nor the Court will be prejudiced by it. The Surety has understood since the inception of this claim that the Plaintiff's claim was for all unpaid amounts on the Project. The Surety did not raise an issue concerning the existence of multiple "packages" or multiple Bonds on the Project until the Scheduling Conference in this action, on May 23, 2007. Discovery is still in the early stages. Amendments such as this should be given feely. Fed. R. Civ. P. Rule 15; *Foman v. Davis*, 371, UU.S. 178, 182 (1962) ("Unless there appears to be an adequate reason for the denial of leave to amend (e.g., undue delay, bad faith, dilatory motive, futility of amendment, prejudice), we will not affirm it."). None of the bases for denial of a motion to amend pertains here. For the foregoing reasons, this Motion to Amend should be allowed.

Respectfully submitted,

**VELLANO BROS., INC.**
By its attorneys,

/s/ William E. O'Gara
William E. O'Gara, Esq.
Pannone Lopes Devereaux LLC
1800 Financial Plaza
Providence, RI 02903
(401) 824-5117
Fax: (401) 824-5123

/s/ Deborah S. Griffin
Of Counsel:
Deborah S. Griffin, BBO #211460
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Dated: June 21, 2007