UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VELLANO BROS., INC,<br><br>Plaintiff,<br><br>v.<br><br>HANOVER INSURANCE COMPANY,<br><br>Defendant. | Civil Action 06-546-T-LDA |

The Plaintiff, Vellano Bros., Inc. ("Vellano") hereby files this Amended Complaint pursuant to the Court's Order dated July 18, 2007.

**AMENDED COMPLAINT**

1. This is an action by Vellano to enforce a common law payment bond issued by Hanover Insurance Company ("Surety") as surety on behalf of the contractor South Shore Utility Contractors, Inc. ("South Shore"), and for punitive damages under Massachusetts General Laws Ch. 93A.

Parties

2. Plaintiff is a corporation duly organized under the laws of the state of New York, authorized to conduct business in the State of Rhode Island, with its principal place of business at 7 Hemlock St., Latham, NY.

3. Defendant is a New Hampshire corporation with its principal place of business at 400 Lincoln Street, Worcester, Massachusetts, and was authorized at all times material to this action to execute surety bonds in the State of Rhode Island.

Jurisdiction and Venue

4. This Court has jurisdiction over the subject matter of this case under 28 U.S.C. § 1332, as the plaintiff is a citizen of New York, the defendant is a citizen of New Hampshire and more than $75,000, exclusive of interest and costs, is in dispute.

5. Venue is proper in this District under 28 U.S.C. § 1391(a) because the sole basis for subject matter jurisdiction is diversity of citizenship and the defendant is deemed to reside in this District, by virtue of 28 U.S.C. § 1391(c), as it is a corporation subject to personal jurisdiction in this District. In addition, the bond issued by Defendant which is the subject of this action contains a venue provision requiring that any suit or action brought by a claimant under the bond be brought in a court of competent jurisdiction in the location in which the work covered by the bond is located, which is Rhode Island.

General Allegations

6. South Shore entered into contracts with O. Ahlborg & Sons, Inc. and/or Earth Tech, Inc., each of which in turn had entered into a contract with the Pawtucket Water Supply Board to procure or perform work or supply materials in connection with a water treatment facility known as the "Pawtucket Water Treatment Facility" project (the "Project"). South Shore as principal and the Surety as surety executed three payment bonds for the Project (the "Bonds"). True and accurate copies of the Bonds are attached hereto as Amended Exhibit A.

7. In 2004 and through December, 2005, South Shore ordered pipe and other construction supplies (the "Materials") from Vellano and Vellano sold and delivered the Materials to South Shore.

8. The terms of sale required that South Shore pay within thirty (30) days, imposed a service charge of 1½% per month thereafter on invoices thirty (30) days past due, and obligated

South Shore to pay attorneys' fees and costs for collection. A true copy of the terms governing the sales from Vellano to South Shore is attached hereto as Exhibit B.

9. Of the Materials sold by Vellano to South Shore, at least $755,724.47 worth was purchased for, delivered to and/or incorporated into the Project, but for which South Shore has not paid Vellano.

10. Vellano is not aware of any defense on the part of South Shore to its liability for these Materials in the amount of $755,724.47.

11. The last of such Materials was furnished on or about December 20, 2005.

12. Within 90 days of its last furnishing of Materials to or for the Project, on or about March 3, 2006, Vellano gave notice of its claim under the Bonds to South Shore, the Surety, O. Ahlborg & Sons, Inc. (which is named in two Bonds as Owner), and to Earth Tech, Inc., (which O. Ahlborg & Sons, Inc., has identified as a party to its contract for the Project and which is named in one Bond as Owner). Copies of such notices are attached hereto as Exhibit C. Additional notices were given as well.

13. All conditions precedent to the maintenance of this action have been performed.

14. By letter dated April 19, 2006, the Surety issued a formal denial of the claim. A true copy of that letter is attached hereto as Exhibit D.

15. Subsequent letters from the Surety's attorney indicated that the Surety's only dispute is with the amount of the claim, based upon an argument that certain payments that South Shore made to Vellano should have been applied to invoices on the Pawtucket Project rather than to other invoices. Hanover's position is not supported by applicable law or the facts.

16. The result of the Surety's application of payments argument, as stated in a letter from the Surety's counsel of July 25, 2006, is that "Hanover is valuing the claim at

$401,145.36."  That amount only reflects the principal amounts the Surety recognizes as owed, and does not include any service charges that have accrued.

17. The fact that a portion of the claim is disputed does not relieve the Surety of its obligation to make prompt payment of the undisputed portion of the claim. Prior to commencement of this action, Vellano demanded immediate, unconditional payment of the $401,145.36 undisputed amount but the Surety has failed and refused to make payment of that undisputed amount. Instead, after this action was filed, the Surety made a partial payment of $343,793.16 on June 7, 2007.

18. To date, the Surety has failed and refused to pay Vellano, despite repeated demands, any part of the unpaid balance of $755,724.47 due and owing for the above-referenced Materials under the terms of the invoices.

COUNT ONE

(Enforcement of Payment Bond)

19. Vellano repeats and realleges herein the allegations contained in paragraph 1 through 18 above as if set forth in full herein.

20. Vellano performed its obligations by delivering the Materials for the Pawtucket Water Treatment Facility Project, but South Shore has failed and neglected to pay Vellano $411,931.31 of the Materials purchased for, delivered to and/or incorporated into the Project, which Materials, upon information and belief, have both been accepted and incorporated by South Shore and the Project owner. The sum of $411,931.31 represents the fair and reasonable value of the Materials supplied to South Shore for the Project by Vellano for which payment has not been received.

21. Interest and service charges have accrued with respect to $755,724.47 of the Project Materials in accordance with the terms of the contract in an amount to be determined through March 20, 2006, and from that date until the partial payment on June 7, 2007 continued to accrue at the rate of $372.69 per day, and since June 7, 2007, have continued to accrue at a rate of $203.14 per day.

COUNT TWO
Mass. G.L. Chapter 93A

22. Vellano repeats and realleges herein the allegations contained in paragraphs 1 through 21 above.

23. Vellano notified the Surety of its claim in March, 2006. Since that time, Vellano has supplied the Surety and its consultants, RSM McGladrey, with all information requested of it regarding the claim.

24. The Surety has had ample time to investigate the claim and has admitted liability for the sum of $401,145.36.

25. The Surety's liability under its Bonds for the amount of $401,145.36 became reasonably clear, and Vellano has been compelled to file suit in order to recover on its claims.

26. The Surety's failure to pay the claim and its other conduct alleged above constitute unfair and deceptive trade practices and willful and knowing violations of Mass. G.L c. 93A.

27. The acts and omissions of the Surety complained of occurred primarily and substantially in Massachusetts.

28. As a result of the Surety's violation of Chapter 93A, Vellano has been damaged and has incurred attorneys' fees and expense

WHEREFORE, Vellano prays that this Court:

(a) Enter judgment on Count I in favor of Vellano Bros., Inc., against Hanover Insurance Company for money damages, interest, costs and attorneys' fees as provided for under the Bonds and under the terms of its contract with South Shore, including interest through the date of this Complaint as alleged in Paragraph 21 above, and accruing thereafter at the daily rate alleged in interest in Paragraph 21;

(b) Enter judgment on Count II in favor of Vellano Bros., Inc., against Hanover Insurance Company for such double or treble damages to which the Court may determine Vellano is entitled, interest, costs and attorneys' fees, including interest through the date of this Complaint as alleged in Paragraph 21 above, and accruing thereafter at the daily rate alleged in interest in Paragraph 21; and

(c) Award Vellano any and all other relief deemed just and proper by the Court.

Respectfully submitted,

**VELLANO BROS., INC.**
By its attorneys,

______________________________
William E. O'Gara, Esq.
Pannone Lopes Devereaux LLC
1800 Financial Plaza
Providence, RI 02903
Tel: (401) 824-5117
Fax: (401) 824-5123

*/s/ Deborah S. Griffin*
Of Counsel:
Deborah S. Griffin, BBO #211460
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
Tel: (617) 523-2700
Fax: (617) 523-6850

Dated: July 19, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document was filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on July 19, 2007.

/s/ *Deborah S. Griffin*____