UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VELLANO BROS., INC.,<br>Plaintiff,<br>v.<br>HANOVER INSURANCE COMPANY,<br>Defendant. | CIVIL ACTION<br>NO. 1:06-cv-00546-T-LDA |

**DEFENDANT'S ANSWER TO**
**PLAINTIFF'S AMENDED COMPLAINT**

The defendant Hanover Insurance Company ("Hanover"), for answer to the plaintiff's Amended Complaint, states as follows:

FIRST DEFENSE

Pursuant to Fed. R. Civ. P. 8(b), Hanover responds to the numbered paragraphs of the plaintiff's Amended Complaint as follows:

1. Hanover states that paragraph 1 of the plaintiff's Amended Complaint contains a description of the plaintiff's claims which Hanover is not required to either admit or deny; however, to the extent that a response is required, the statements in said paragraph are denied.

2. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the plaintiff's Amended Complaint and therefore denies same.

3. Admitted.

4. The allegations set forth in paragraph 4 of the plaintiff's Amended Complaint set forth legal conclusions to which Hanover is not required to either admit or deny; however, to the extent that a response is required, such allegations are denied.

5. The allegations set forth in the first sentence in paragraph 5 of the plaintiff's Amended Complaint set forth legal conclusions which Hanover is not required to either admit or deny; however, to the extent that a response is required, such allegations are denied. With respect to the allegations set forth in the second sentence in paragraph 5 of the plaintiff's Amended Complaint, Hanover states that the payment bonds which are the subject of this lawsuit are written documents which speak for themselves, and, therefore, it denies any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves.

6. Upon information and belief, Hanover admits that South Shore Utility Contractors, Inc. ("South Shore") entered into contracts with O. Ahlborg & Sons, Inc. and/or Earth Tech, Inc. regarding the Pawtucket Water Treatment Facility in Pawtucket, Rhode Island. Hanover also admits that it entered into three payment bonds with South Shore regarding the Pawtucket Water Treatment Facility. Hanover states that the payment bonds are written documents which speak for themselves, and, therefore, it denies any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves. Otherwise, Hanover denies the remaining allegations contained in paragraph 6 of the plaintiff's Amended Complaint.

7. Upon information and belief, admitted.

8. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the plaintiff's Amended Complaint and therefore denies same.

9. Denied.

10. Denied.

11. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the plaintiff's Amended Complaint and therefore denies same.

12. With respect to the allegations contained in the first and second sentences in paragraph 12 of the plaintiff's Amended Complaint, Hanover states that the notices are written documents which speak for themselves, and, therefore, it denies any characterization of those documents inconsistent with, or varying from, the terms of the documents themselves. Hanover is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the third sentence in paragraph 12 of the plaintiff's Verified Complaint and therefore denies same.

13. Denied.

14. Admitted. And further answering, Hanover states that the letter attached as Exhibit D to the plaintiff's Verified Complaint is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself.

15. Denied.

16. With respect to the allegations contained in the first sentence in paragraph 16 of the plaintiff's Amended Complaint, Hanover states that the letter from its attorney dated July 25, 2006 is a written document which speaks for itself, and, therefore, it denies any characterization of that document inconsistent with, or varying from, the terms of the document itself. Hanover

denies the allegations contained in the second sentence in paragraph 16 of the plaintiff's Amended Complaint.

17. Hanover admits that it made a payment of $343,793.16 to the plaintiff on June 7, 2007; otherwise, Hanover denies the remaining allegations contained in paragraph 17 of the plaintiff's Amended Complaint.

18. Denied.

COUNT ONE

19. Hanover incorporates by reference and restates herein its response to paragraphs 1 through 18 of the plaintiff's Amended Complaint, supra.

20. Denied.

21. Denied.

COUNT TWO

22. Hanover incorporates by reference and restates herein its response to paragraphs 1 through 21 of the plaintiff's Amended Complaint, supra.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

Pursuant to Fed. R. Civ. P. 8(c), Hanover sets forth the following affirmative defenses to the plaintiff's Amended Complaint:

SECOND DEFENSE

Hanover states that the plaintiff's Amended Complaint fails to state claims against Hanover upon which relief can be granted.

THIRD DEFENSE

Hanover states that the plaintiff has been paid in full in accordance with the payment bonds and underlying contracts upon which such bonds rely.

FOURTH DEFENSE

Hanover states that the plaintiff may not maintain this action as it has breached and generally failed to perform its obligations under the payment bonds and underlying contracts upon which such bonds rely.

FIFTH DEFENSE

Hanover states that the damages sustained by the plaintiff, if any, were caused by a person or persons for whose conduct Hanover is not responsible.

SIXTH DEFENSE

Hanover states that materials supplied by the plaintiff were defective and/or non-conforming.

SEVENTH DEFENSE

Hanover states that the plaintiff's claims are barred by the plaintiff's conduct in knowingly asserting claims in an amount substantially in excess of that to which it is entitled.

EIGHTH DEFENSE

Hanover states that the plaintiff has not performed all conditions precedent to the maintenance of this action.

NINTH DEFENSE

Hanover states that the plaintiff's claims are barred by the terms and conditions, including the limitation periods, in the payment bonds and/or the applicable statute of limitations.

TENTH DEFENSE

Hanover states that the plaintiff's damages, if any, should be reduced by the amount attributable to its failure to mitigate damages.

ELEVENTH DEFENSES

Hanover states that the plaintiff's damages, if any, should be reduced by all valid offsets, either under contract or law, which are attributable to the plaintiff's claims.

TWELFTH DEFENSE

Hanover states that the plaintiff's claims are barred by the doctrine of estoppel.

THIRTEEN DEFENSE

Hanover states that the plaintiff's claims are barred by the doctrine of waiver.

FOURTEENTH DEFENSE

Hanover states that the plaintiff's claims are barred by the doctrine laches.

FIFTEENTH DEFENSE

Hanover states that the plaintiff's claims are barred by reason of unclean hands.

SIXTEENTH DEFENSE

Hanover states that the plaintiff has not complied with and/or is without standing to assert a claim under M.G.L. c.93A.

SEVENTEENTH DEFENSE

Hanover states that the plaintiff is barred from asserting bad faith claim against Hanover because of the plaintiff's own bad faith.

WHEREFORE, Hanover prays that the plaintiff's Amended Complaint against it be dismissed and that judgment enter thereon for it, together with its attorneys' fees and expenses incurred by it in defending against said Amended Complaint.

DEFENDANT HANOVER
INSURANCE COMPANY
By its attorneys,

/s/ Kevin C. Cain
Kevin C. Cain, #3960
Ronald E. Ritland, pro hac vice
John P. Connelly, pro hac vice
PEABODY & ARNOLD LLP
30 Rowes Wharf
Boston, MA 02110
(617) 951-2100

Dated: July 25, 2007

665237

CERTIFICATE OF SERVICE

I, Kevin C. Cain, hereby certify that the foregoing document filed through the ECF System will be sent electronically to the registered participants as identified on the Notice Of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on July 25, 2007.

/s/ Kevin C. Cain