UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| VELLANO BROS., INC.,<br>Plaintiff<br><br>v.<br><br>HANOVER INSURANCE COMPANY,<br>Defendant | CIVIL ACTION NO. 06-546T-LDA |

**DEFENDANT HANOVER INSURANCE COMPANY'S UNDISPUTED FACTS**

Defendant, Hanover Insurance Company ("Hanover"), pursuant to Paragraph 7 of its Scheduling Order dated May 22, 2007, hereby presents to the Court its Undisputed Facts.

1. South Shore Utility Contractors, Inc. ("South Shore") was an underground/site contractor serving the New England and, primarily, the Rhode Island construction markets. South Shore submitted a bid on a public works project commonly known as the Pawtucket Water Treatment Improvements ("Project"). South Shore submitted the bid to Earth Tech Contractors ("Earth Tech"), as general contractor, and O. Ahlborg, Inc. ("Ahlborg"), as construction manager. Pursuant to the requirements of the bid documents, South Shore submitted separate bids on five "packages" covering separate and distinct areas of work, as delineated by Earth Tech and Ahlborg. Based on these bids, South Shore was awarded a contract by Earth Tech and Ahlborg on May 5, 2005.

2. Earth Tech and Ahlborg required that South Shore submit separate performance and payment bonds to support each bid on the five packages. Each of the payment bonds generally provides, pursuant to its terms and conditions, that South Shore make payment for

EXHIBIT A

labor and material supplied under each separate package up to their stated limits. Hanover, as Surety, wrote the payment and performance bonds on behalf of South Shore.

3. The five bonds written by Hanover are listed as follows.

| **Obligee** | **Bond No.** | **Package No.** | **Amount** |
|---|---|---|---|
| Ahlborg | 1742233 | 2 | $1,358,813.00 |
| Earth Tech | 1742235 | 2A | $1,254,320.00 |
| Earth Tech | 1742236 | 16 | $2,855,711.00 |
| Earth Tech | 1746080 | 8 | $183,426.00 |
| Earth Tech | 1746081 | 11/12 | $2,023,970.00 |

4. Earth Tech and Ahlborg ultimately withdrew the work comprising package 11/12 from South Shore's scope and, by its letter dated April 25, 2006, Earth Tech acknowledged to Hanover that the bond was cancelled.

5. Due to financial difficulties, South Shore abandoned the Project on April 7, 2006. By its letter dated April 13, 2006, South Shore voluntarily defaulted and terminated its contract with Earth Tech. South Shore went into state receivership in Rhode Island in June of 2006.

6. From May 2005 to January 2006, South Shore purchased certain pipe products from Vellano Bros., Inc. ("Vellano") for use in the completion of packages 2, 2A and 16.

7. In January of 2006, after supplying South Shore with materials for eight months on the Project, Vellano contacted Earth Tech to complain that South Shore paid it $0 for materials supplied to the Project and to request copies of the payment bonds relating to packages 2, 2A and 16, referenced above, the packages on which Vellano had allegedly supplied materials to South Shore. By letter dated January 6, 2006, after explaining to Vellano that the contract

with South Shore was broken up into "distinct" packages, Earth Tech forwarded copies of the bonds for these packages to Vellano.

8. The payment bonds issued by Hanover for packages 2, 2A and 16 contained the identical terms and conditions. All three bonds contained, among other things, the following provisions.

> "4. The Surety shall have no obligation to the Claimants under this Bond until:
>
> 4.1. Claimants who are employed by or have a direct contract with the Contractor (South Shore) have given notice to Surety . . . and sent a copy, or notice thereof, to the Owner (Earth Tech or Ahlborg, depending on the bond), stating that a claim is being made under this Bond and, with substantial accuracy, the amount of the claim.
>
> . . .
>
> 11. No suit or action shall be commenced by a Claimant under this Bond other than in a court of competent jurisdiction in a location in which the work or part of the work is located or after the expiration of one year from the date (1) in which the Claimant gave the notice required by Subparagraph 4.1 or Clause 4.2.3, or (2) in which the last labor or service was performed by anyone or the last materials or equipment were furnished by anyone under the Construction Contract (each separate package is described by its separate package number in the Bond, under the heading "Construction Contract"), whichever of (1) (2) first occurs. If the previsions of this Paragraph are void or prohibited by law, the minimum period of limitation available to sureties as a defense in the jurisdiction of the suit shall be applicable."

9. By letter dated March 3, 2006, Vellano sent notices of claim specifically under package 2A, Bond no. 1742235, to South Shore, Earth Tech, Ahlborg, the Pawtucket Water Treatment Board and Hanover indicating that it was owed monies for materials supplied to South Shore.

10. By letter dated March 24, 2006, in response to Hanover's request for additional documentation on its claim under package 2A, Vellano submitted its initial claim documents to Hanover, with an accompanying claim affidavit. Vellano claimed that it was owed $755,725.01 for materials supplied under package 2A and that, despite supplying this amount of materials over a period of seven months, alleged that South Shore had paid $0 to Vellano for the materials supplied. In addition, Vellano forwarded with its claim package copies of the three Hanover bonds relating to packages 2, 2A, and 16, while at the same time indicating clearly in its accompanying letter that the claim was only against the payment bond Hanover issued for package 2A.

11. Contrary to Vellano's affidavit of claim, the records of South Shore indicated that, during the period from May 2005 to January 2006, it paid Vellano $339,866.41 in total payments for materials supplied under packages 2, 2A and 16. In other words, during this period of time, South Shore maintains that Vellano systematically misapplied payments from South Shore to older invoices on unbonded projects rather properly credit the payments to the proper invoice on this Project.

12. Vellano later forwarded to Hanover its master list of accounts receivable on the South Shore account, which list Vellano claimed included all of the open invoices for all materials supplied by Vellano on all projects to South Shore. This master list of accounts receivable, in its description of each separate invoice, includes some references to South Shore job numbers 4275, 4276, and 4277. These numbers correspond with South Shore's internal job numbering system relating directly to packages 2, 2A and 16, respectively.

13. All subsequent correspondence between Vellano and Hanover specifically references that the claim presented by Vellano and under investigation by Hanover related to solely to package 2A and Bond no. 1742235.

14. Vellano filed suit on its claim in December of 2006. In its complaint, Vellano specifically makes its claim only against the payment bond no 1742235 issued by Hanover for package 2A. Vellano attaches only bond no. 1742235 to its complaint and also its notice letters it sent out on its claim under this bond. After the filing of the suit, Hanover paid Vellano the amount owed, according to South Shore's records, for materials supplied by Vellano to South Shore under package 2A, in the amount of $343,793.96. In exchange for payment, Vellano provided Hanover a partial release of claim.

15. By its letter dated June 20, 2007, through its attorneys, Vellano for the first time provided notices of claim under bond no. 1742233, covering package 2, and bond no. 1742236, covering package 16 to South Shore, Earth Tech, Ahlborg and Hanover. By its letters of August 8, 2007, Hanover denied the claims of Vellano under both bonds as time barred under the terms of paragraph 11 of both bonds.

16. With consent of Court, Vellano amended its complaint on or about July 16, 2007. In its amended complaint, Vellano for the first time includes in its suit claims under payment bonds issued by Hanover for package 2, under bond no. 1742233, and package 16, under bond no. 1742236. Hanover filed its answer to the amended complaint setting forth, among other things, its defense that the claims presented by Vellano in its amended complaint were time barred pursuant to the clear terms of the two payment bonds.

666921_1
2114-91630